IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.              **Criminal Case No: 5:17-CR-47**
                Judge Bailey

**DEANDRE L. DAVIS**,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY
PETITIONER'S § 2255 MOTION AND DISMISSING CASE WITHOUT PREJUDICE**

 Pending before this Court is the motion filed by Deandre L. Davis pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence [Doc. 46]. For the reasons that follow, the Court concludes that Mr. Davis' motion is untimely under 28 U.S.C. § 2255(f)(1), and **DENIES** the motion.

 On November 16, 2021, Mr. Davis filed a § 2255 motion to vacate, set aside, or correct his sentence [Doc. 46]. Upon a preliminary review of his motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court concludes that Mr. Davis' motion is untimely.

 The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a habeas petition under § 2255. Under the AEDPA, the limitation period runs from the latest of:

 (1) the date on which the judgment of conviction becomes final;

 (2) the date on which the impediment to making a motion created by the

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In the Fourth Circuit, when a § 2255 motion appears untimely and the Government has not filed a motion to dismiss based on the one-year statute of limitations, courts must warn petitioners that the case is subject to dismissal absent a sufficient explanation. *See **Hill v. Braxton**, 277 F.3d 701, 707 (4th Cir. 2002).*

On May 18, 2018, Mr. Davis pled guilty to one count of Distribution of Cocaine Base Within 1,000 Feet of a Protected Location. The Court entered judgment on August 20, 2018, which Mr. Davis did not appeal. Therefore, his conviction became final fourteen (14) days later, on September 6, 2018. Fed.R.App.P.4(b)(1)(A)(i).

The Federal Rules of Appellate Procedure require that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). A criminal conviction becomes final when the time for a direct appeal expires and the defendant has not noticed an appeal. ***United States v. Oliver***, 878 F.3d 120, 125 (4th Cir. 2017).

Here, Mr. Davis had to file his § 2255 motion by September 6, 2019, one year after his conviction became final. 28 U.S.C. § 2255(f)(1). But he did not file his motion until November

16, 2021.

In his § 2255 motion, Davis contends that the one-year statute of limitations does not bar his motion because "under 2255(f)(4) the facts supporting my claims had not presented themselves until July 31, 2021." Inasmuch as his two claims are that his counsel was ineffective (1) in not filing an appeal and (2) in failing to argue for a downward departure to offset Mr. Davis' sentence in a state case where he was not yet sentenced, this Court cannot accept that the facts could not be known until over three years after the sentencing hearing.

Accordingly, Mr. Davis' motion will be denied. This case will be reopened if Mr. Davis can show within 14 days after receipt of this Order that he is entitled to equitable tolling. ***Hill v. Braxton***, 277 F.3d 701, 707 (4th Cir. 2002).

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Mr. Davis has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2255(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See ***Miller-El v. Cockrell***, 537 U.S. 322, 323–24 (2003). Upon review of the record, the Court concludes that Mr. Davis has so far failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

For the reasons stated above the Court **DENIES** Mr. Davis' § 2255 motion [**Doc. 46**] as untimely, subject to reopening if Mr. Davis can show within 14 days after receipt of this Order that he is entitled to equitable tolling. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* defendant.

**DATED**: March 4, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**